**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON, AT SEATTLE**

| | |
|---|---|
| NATIONAL PRODUCTS, INC.,<br>    Plaintiff,<br>vs.<br>TESLA ELECTRONICS, INC.,<br>    Defendant. | CIVIL ACTION<br>    No.<br>COMPLAINT FOR PATENT INFRINGEMENT<br>    (Jury Trial Demanded) |

## COMPLAINT

This is an action for patent infringement under the Patent Laws of the United States, Title 35, United States Code, §§ 101 *et seq.* as follows:

### Parties:

1.  <u>Plaintiff</u> – National Products, Inc. (herein, "NPI"), is a Washington State corporation with principal place of business at 1205 So. Elmgrove Street, Seattle, WA 98108.

2.  <u>Defendant</u> – Upon information and belief, Defendant, Tesla Electronics, Inc. (herein, "Tesla"), at all times relevant herein, has been doing business with a principal place of business at 1749  14th Street, Santa Monica, CA  90404.

COMPLAINT
PAGE- 1

KRIS R. JENSEN
ATTORNEY AT LAW
GRAND CENTRAL ON THE PARK
216 FIRST AVENUE SOUTH, STE 204
SEATTLE, WASHINGTON  98104
(206) 682-6089

3.     Defendant Tesla is in the business of selling their products throughout the United States, including the State of Washington.

### Jurisdiction and Venue:

4.     **Jurisdiction:**    This is an action for patent infringement arising under the Patent Act, 35 U.S.C. § 1 et seq. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

5.     **Venue:**    Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

6.     **Pendant State Claims:**    Supplemental jurisdiction exists under 28 USC § 1367, because the federal and state claims are derived from the same operative facts, and should be tried in a single proceeding.

### FACTS:

### THE '420 PATENT:

7.     On December 23, 2003, U.S. Patent No. 6,666,420 ("the '420 Patent"), entitled "Suction Cup Having Compact Axial Installation and Release Mechanism" was duly and legally issued to Jeff Carnevali. All rights, title and interest in the '420 Patent were subsequently assigned to NPI, which remains the sole owner of all right, title and interest in and to the '420 Patent, including the right to sue and collect damages for infringement. A copy of the '420 Patent is attached as: <u>Exhibit 1 – US Patent 6666420</u>.

8.     Tesla Electronics is in the business of selling electronic devices. They sometimes use the business or trade name of Gtech Pro to sell electronic components. Tesla sells suction cups to affix their electronic products to automobile windshields. One of these suction cups is called the Gtech Pro Comp, also called the Gtech Comp. Herein, "Gtech Comp".

COMPLAINT
PAGE- 2

**KRIS R. JENSEN**
ATTORNEY AT LAW
GRAND CENTRAL ON THE PARK
216 FIRST AVENUE SOUTH, STE 204
SEATTLE, WASHINGTON  98104
(206) 682-6089

9. The Gtech Comp suction cup infringes NPI's '420 Patent. Tesla has sold this product in the State of Washington within the last year.

10. Plaintiff realleges these facts in each Count below.

**Count 1:    Direct Infringement of the '420 Patent**

11. Tesla has been and is currently infringing the '420 Patent under 35 U.S.C. §271(a) by making, using or selling the Gtech Comp, without license or authority in this district and elsewhere in the United States.

12. The foregoing infringement by Tesla has been willful and deliberate and will continue unless enjoined by this Court.

13. Unless a preliminary and permanent injunction are issued enjoining Tesla and its agents, servants, employees, attorneys, representatives, and all others acting on their behalf from infringing the '420 Patent, plaintiff will be greatly and irreparably harmed.

**Prayer For Relief**

**WHEREFORE**, Plaintiff, NPI, prays this Court for the following relief:

a) Judgment that Tesla has infringed, induced others to infringe, and/or committed acts of contributory infringement with respect to the claims of the '420 Patent;

b. That Tesla's infringement of the '420 Patent has been, and continues to be, willful and deliberate;

c. That Tesla, its subsidiaries, officers, agents, servants, employees, licensees, and all other persons acting or attempting to act in active concert or participation with them or acting on their behalf, be preliminarily and permanently enjoined from further infringement, inducement of infringement, or contributory infringement of the '420 Patent;

COMPLAINT
PAGE- 3

KRIS R. JENSEN
ATTORNEY AT LAW
GRAND CENTRAL ON THE PARK
216 FIRST AVENUE SOUTH, STE 204
SEATTLE, WASHINGTON  98104
(206) 682-6089

d.  That Tesla be ordered to account for and <u>pay all damages</u> caused to NPI by reason of Tesla's infringement pursuant to 35 U.S.C. §284, including enhanced damages under 35 U.S.C. §284;

e.  That Tesla be ordered to <u>pay NPI's costs</u>, expenses, and reasonable attorney's fees pursuant to 35 U.S.C. §§284 and 285;

f.  That NPI be awarded <u>pre-judgment and post-judgment interest</u> on the damages caused to it by Tesla's infringement; and

g.  That the Court <u>grant such other and further relief</u> as the Court may deem just and proper under the circumstances.

## JURY DEMAND

Plaintiff, NPI, demands a jury trial on all issues so triable.

Respectfully submitted,

Dated _____.

_____
Kris R. Jensen
  Attorney at Law
  Grand Central on the Park
  216 First Avenue South,  Suite 204
  Seattle, WA  98104
    Phone:  (206) 682-6089
    Fax:  (206) 622-3812
    Email:  krisjensen@comcast.net

COMPLAINT
PAGE- 4

**KRIS R. JENSEN**
ATTORNEY AT LAW
GRAND CENTRAL ON THE PARK
216 FIRST AVENUE SOUTH, STE 204
SEATTLE, WASHINGTON  98104
(206) 682-6089